Case 1:09-cv-00026-SNLJ Document 1-2 Filed: 03/10/09 Page 1 of 11 PageID #: 8

## IN THE CIRCUIT COURT OF CAPE GIRARDEAU COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| JAMES TRICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KAMAN INDUSTRIAL | ) | |
| TECHNOLOGIES CORP., | ) | |
| | ) | |
| Serve: | ) | |
| The Corporation Company | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | Cause No.: |
| | ) | |
| and | ) | |
| | ) | |
| TOM CAPUTO, | ) | |
| | ) | Division No.: |
| Serve at: | ) | |
| Kaman Industrial Technologies | ) | |
| 5603 West Raymond Street, Suite G | ) | |
| Indianapolis, Indiana 46241 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KEN HIGGINS, | ) | |
| | ) | |
| Serve at: | ) | |
| 2362 North High Street | ) | |
| Jackson, MO 63755 | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL REQUESTED** |

## PETITION FOR DAMAGES

### AGE DISCRIMINATION AND RETALIATION
### IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

**Comes Now** plaintiff James Trickey, by and through his attorneys, and for his Petition for

Damages against defendants Kaman Industrial Technologies Corp. (hereinafter "Kaman"), Tom

Caputo (hereinafter "Caputo"), and Ken Higgins (hereinafter "Higgins"), states as follows:

1. Plaintiff is a male citizen whose date of birth is August 18, 1942. At all times relevant herein, plaintiff was sixty-five (65) years old or older, was employed by defendant Kaman at its branch office in Cape Girardeau, Missouri, and reported directly to defendant Caputo.

2. Defendant Kaman is a foreign corporation doing business in Cape Girardeau County and in other counties in the State of Missouri, and defendant maintains and has maintained an office at 807 Enterprise Street, Cape Girardeau, Missouri.

3. Defendant Caputo is a male citizen, and at all times relevant herein, was a District Manager employed by defendant Kaman at its office in Indianapolis, Indiana. At all times relevant herein, defendant Kaman's Cape Girardeau office was in District Twelve (12), the district managed by defendant Caputo.

4. Defendant Higgins is a male citizen, and at all times relevant herein, was approximately forty-four (44) years old and resided in Jackson, Missouri. At all times relevant herein, defendant Higgins acted as the Branch Manager or was the Branch Manager for defendant Kaman at its Cape Girardeau facility. As acting Branch Manager and as Branch Manager, defendant Higgins reported directly to defendant Caputo.

5. Venue in this Court is proper pursuant to Mo. Rev. Stat. § 508.010(4) and/or Mo. Rev. Stat. § 213.111.1

6. At all times relevant herein, defendant Kaman is an employer within the meaning of the Missouri Human Rights Act ("MHRA"), in that defendant Kaman employed six (6) or more persons in the State of Missouri.

-2-



7. At all times relevant herein, defendant Caputo is an employer within the meaning of the MHRA, in that defendant Caputo, as a manager of defendant Kaman, is a person acting in the direct interest of an employer.

8. At all times relevant herein, defendant Higgins is an employer within the meaning of the MHRA, in that defendant Higgins, as Branch Manager or an acting manager of defendant Kaman, as more fully set forth in paragraph 16 below, is a person who acted in the direct interest of an employer.

9. As employers under the MHRA, both defendant Caputo and defendant Higgins have personal or individual liability in this action.

10. Plaintiff was employed by defendant Kaman from approximately May 1, 2000 to present. Plaintiff held the title of Branch Manager at defendant Kaman's Cape Girardeau office and at another Kaman office from May 1, 2000 to approximately February 4, 2008.

11. Plaintiff was the oldest Branch Manager employed by defendant Kaman in District Twelve (12) between May 2000 and February 4, 2008, and was one of the oldest employees in the company.

12. In July 2007, defendant Caputo made the remark to plaintiff that the average employee's age at Kaman was fifty-nine (59) and that the company intended to begin replacing the oldest employees with "younger blood." Caputo repeated this remark to plaintiff in October 2007.

13. During plaintiff's employment, plaintiff performed the duties of his job in a satisfactory manner.

14. On or about December 6, 2007, defendants Kaman and Caputo gave plaintiff an

-3-



annual performance review that overall rated plaintiff as "Needs Improvement" and as "needs improvement" in a number of areas involving sales, including sales management, sales goals and organization, and customer support. Based on this performance review, defendants placed plaintiff on a ninety (90) day performance improvement plan ("PIP") and threatened plaintiff with further disciplinary action, including termination.

15. The December 6 performance review was inaccurate and contained false information. In 2006 and 2007, the Cape Girardeau branch was defendant Kaman's number one branch in sales for the district. Further, under plaintiff's leadership between 2001 and 2007, the Cape Girardeau branch moved approximately from number 103 to number 4 or 5 in sales for all of Kaman's branches in the entire country. Further, plaintiff's previous annual performance review for 2006 indicated that plaintiff "Exceeded Expectations" overall and in the two major sub-categories in the review.

16. Between December 2006 and the December 6, 2007 review and thereafter, defendant Caputo interfered with plaintiff's role as the Branch Manager by:

    a. not sharing information with plaintiff that was important to plaintiff in the performance of his job duties,

    b. undermining plaintiff's authority as Branch Manager, including but not limited to belittling plaintiff in front of employees and customers,

    c. breaking the chain of command by dealing directly with and meeting with branch employees to discuss branch issues, including meeting with defendant Higgins, without plaintiff being present,

    d. directly undertaking authority for matters traditionally left to the Branch

-4-


FILED FEB 06 CHARLES F. HUTSON CIRCUIT CLERK

Manager, including but not limited to, staffing issues, positions and job duties, employee compensation, and customer contact, and

  e.  giving defendant Higgins many of plaintiff's job duties as Branch Manager, and treating Higgins as the actual Branch Manager. Under the direction of defendant Caputo, Higgins actively participated in assuming the role of Branch Manager and actively assisted in undermining plaintiff's authority as Branch Manager, even though plaintiff still held the title of Branch Manager.

17.  In 2007, defendant Kaman also audited plaintiff's expense account. On information and belief, no other branch manager in the district was audited.

18.  The statements and actions of defendants Kaman and Caputo set forth above were based on plaintiff's age, and were age discrimination, in violation of Mo. Rev. Stat. § 213.055.

19.  On or about January 2, 2008, plaintiff provided a written rebuttal to defendant Caputo's 2007 annual performance review of plaintiff. Plaintiff's written rebuttal to given to defendant Kaman's Human Resources Department and to the President of defendant Kaman.

20.  On or about January 18, 2008, defendant Kaman offered plaintiff a severance agreement as consideration for plaintiff's resignation.

21.  On or about January 19, 2008, plaintiff declined the offer of severance in exchange for his resignation, and plaintiff complained to Human Resources that he was being discriminated against because of his age.

22.  On or about January 26, 2008, plaintiff filed a charge of age discrimination and retaliation with the Missouri Commission on Human Rights ("MCHR"). The MCHR docketed plaintiff's charge as Charge Number E-01/08-32916.

FILED FEB 06 CHARLES P. HUTSON CIRCUIT CLERK

23. After plaintiff complained to defendant Kaman about age discrimination and filed his charge with the MCHR, defendant Kaman did not take prompt and effective corrective action to address plaintiff's complaint.

24. After plaintiff filed his charge of age discrimination internally and with the MCHR, defendants retaliated against plaintiff for complaining about age discrimination, in violation of Mo. Rev. Stat. § 213.070. The retaliation included, but was not limited to:

    a. On or about February 4, 2008, prior to the expiration of the ninety (90) day PIP given to plaintiff during his annual performance review on December 6, 2007, defendants Kaman and Caputo demoted plaintiff to Professional Accounts Manager ("PAM") and gave plaintiff no PIP evaluation.

    b. In the PAM position, defendants gave plaintiff dead-end accounts or accounts that had little value or potential, and defendants denied plaintiff's requests for assignment to viable accounts. At the same time, defendants gave younger sales persons high dollar accounts.

    c. On or about May 8, 2008, defendants placed plaintiff on "indefinite suspension" without pay, pending plaintiff's decision "to resign and accept the Company's severance offer."

25. Plaintiff has not resigned, and as a result of the "indefinite suspension," plaintiff has not received a pay check from defendant Kaman since May 9, 2008.

26. Defendants' conduct alleged in paragraphs 24 and 25 is also based on plaintiff's age, in violation of Mo. Rev. Stat. § 213.055.

27. Plaintiff timely amended his charge of age discrimination and retaliation with the

-6-



MCHR (Charge Number E-01/08-32916). The MCHR subsequently issued additional charge numbers E-02/08-32969 and E-10/08-34219.

28. On November 21, 2008, the MCHR issued a Notice of Right to Sue for the above charges, copies of which are attached hereto as Exhibits 1, 2, and 3.

29. Plaintiff has filed this action within ninety (90) days of the date of the Notice of Right to Sue and within two (2) years of the last act of discrimination or retaliation.

30. As a result of defendants' conduct and actions, plaintiff has suffered lost wages and benefits of employment.

31. As a result of defendants' conduct and actions, plaintiff has suffered emotional distress and mental anguish.

32. As a result of defendants' conduct and actions, plaintiff has incurred attorney's fees and costs of litigation, and will continue to incur such fees and costs.

33. Defendants' conduct was outrageous because of defendant's evil motive or reckless indifference to plaintiff's right not to be discriminated against because of his age, and to not be retaliated against for his complaints about age discrimination, and is conduct for which punitive damages are warranted to deter defendants and others from such future like conduct.

**WHEREFORE,** plaintiff prays that this Court, after trial by jury, enter judgment for plaintiff and against defendants, in an amount to exceed $25,000, for plaintiff's lost wages and benefits of employment, and prejudgment interest thereupon; for reinstatement, or in the alternative, for front pay; for emotional distress and other compensatory damages; for punitive damages; for attorney's fees and costs of litigation; and that this Court enjoin defendants from engaging in further age discrimination and retaliation, and for such other relief this Court deems



just and proper.

                           DOBSON, GOLDBERG, MORELAND & BERNS

By: _____Jerome J Dobson_____
       Jerome J. Dobson, #32099
       Jonathan C. Berns, #44474
       Gregory A. Rich, #45825
       Michelle Dye Neumann, #54127
       906 Olive Street, Suite 900
       St. Louis, MO 63101
       (314) 621-8363

Attorneys for Plaintiff



-8-



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MATT BLUNT | TODD SMITH | ALVIN CARTER | ALISA WARREN |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

James L. Trickey
1563 Bunker Hill
Cape Girardeau, MO 63701

## NOTICE OF RIGHT TO SUE

RE:  James L. Trickey vs. KAMAN INDUSTRIAL TECHNOLOGIES ET AL
E-01/08-32916  28E-2008-00740C

This is your **NOTICE OF RIGHT TO SUE** pursuant to the Missouri Human Rights Act.

If the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claming to be aggrieved a letter indicating his or her right to bring a civil action within 90 days of such notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act. Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party (emphasis added). As you have duly requested in writing, you are hereby notified of your right to sue the respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue.

On behalf of the Commission:

Terry Old
Information Support Coordinator
Terry.Old@dolir.mo.gov

November 21, 2008
Date

KAMAN INDUSTRIAL
TECHNOLOGIES ET AL
Thomas Caputo &
Kenneth Higgins
1 Waterside Crossing, Suite 400
Windsor, CT 06095

Robert Goff
Kaman Industrial Tech.
1 Waterside Crossing, Suite 400
Windsor, CT 06095

Jerome Dobson
906 Olive Street, Suite 900
St. Louis, MO 63101-1463

FEB 0 6 2009

CHARLES P. HUTSON
CIRCUIT CLERK

| ☒ | ☐ | | ☐ | ☐ |
|---|---|---|---|---|
| 3315 W. TRUMAN BLVD. | 111 N. 7TH STREET, SUITE 903 | P.O. Box 1300 | 1410 GENESSEE, SUITE 260 | 106 ARTHUR STREET |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | | KANSAS CITY, MO 64102 | SUITE D |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | | FAX: 816-889-3582 | SIKESTON, MO 63801-5454 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | | FAX: 573-472-5321 |
| FAX: 573-751-2905 | | | | |



EXHIBIT 1.

Relay Missouri: ...-2466 (Voice)



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MATT BLUNT | TODD SMITH | ALVIN CARTER | ALISA WARREN |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

James L. Trickey
1563 Bunker Hill
Cape Girardeau, MO 63701

## NOTICE OF RIGHT TO SUE

RE: James L. Trickey vs. KAMAN INDUSTRIAL TECHNOLOGIES
E-02/08-32969   28E-2008-00813C

This is your **NOTICE OF RIGHT TO SUE** pursuant to the Missouri Human Rights Act.

If the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claming to be aggrieved a letter indicating his or her right to bring a civil action within 90 days of such notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act. Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party (emphasis added). As you have duly requested in writing, you are hereby notified of your right to sue the respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue.

On behalf of the Commission:

Terry Old
Information Support Coordinator
Terry.Old@dolir.mo.gov

November 21, 2008
Date

| KAMAN INDUSTRIAL TECHNOLOGIES ET AL | Robert Goff | Jerome Dobson |
|---|---|---|
| Thomas Caputo & Kenneth Higgins | Kaman Industrial Tech. | 906 Olive Street, Suite 900 |
| 1 Waterside Crossing, Suite 400 | 1 Waterside Crossing, Suite 400 | St. Louis, MO 63101-1463 |
| Windsor, CT 06095 | Windsor, CT 06095 | |



FILED
FEB 06 2009
CHARLES P. HUTSON
CIRCUIT CLERK

☒ 3315 W. TRUMAN BLVD.
P.O. Box 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ 111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☐ P.O. Box 1300

EXHIBIT 2.

☐ 1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

☐ 106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

Relay Missouri: -2466 (Voice)
www.dolir.mo.gov



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MATT BLUNT | TODD SMITH | ALVIN CARTER | ALISA WARREN |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

James Trickey
1563 Bunker Hill
Cape Girardeau, MO 63701

## NOTICE OF RIGHT TO SUE

RE: James Trickey vs. KAMAN INDUSTRIAL TECHNOLOGIES
E-10/08-34219  28E-2009-00136C

This is your **NOTICE OF RIGHT TO SUE** pursuant to the Missouri Human Rights Act.

If the commission has not completed its administrative processing and the person aggrieved so requests in writing, the commission shall issue to the person claming to be aggrieved a letter indicating his or her right to bring a civil action within 90 days of such notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, either before a circuit or associate circuit judge. Upon issuance of this notice, the commission shall terminate all proceedings relating to the complaint. No person may file or reinstate a complaint with the commission after the issuance of a notice under this section relating to the same practice or act. Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party (emphasis added). As you have duly requested in writing, you are hereby notified of your right to sue the respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. No person may file or reinstate a complaint after the issuance of notice of right to sue.

On behalf of the Commission:

Terry Old
Information Support Coordinator
Terry.Old@dolir.mo.gov

November 21, 2008
Date

KAMAN INDUSTRIAL
TECHNOLOGIES ET AL
Thomas Caputo &
Kenneth Higgins
1 Waterside Crossing, Suite 400
Windsor, CT 06095

Robert Goff
Kaman Industrial Tech.
1 Waterside Crossing, Suite 400
Windsor, CT 06095

Jerome Dobson
906 Olive Street, Suite 900
St. Louis, MO 63101-1463



FILED
FEB 06 2009
CHARLES P. HUTSON
CIRCUIT CLERK

| ☒ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|
| 3315 W. TRUMAN BLVD. | 111 N. 7TH STREET, SUITE 903 | | 1410 GENESSEE, SUITE 260 | 106 ARTHUR STREET |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | EXHIBIT | KANSAS CITY, MO 64102 | SUITE D |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | 3. | FAX: 816-889-3582 | SIKESTON, MO 63801-5454 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | | FAX: 573-472-5321 |
| FAX: 573-751-2905 | | | | |

Relay Missouri:  -2466 (Voice)
www.dolir.mo.gov  mchr@dolir.mo.gov