UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES TRICKEY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:09CV26 SNLJ |
| KAMAN INDUSTRIAL TECHNOLOGIES CORP., et al., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand (#9), filed April 8, 2009. Defendants filed a response (#11) on April 20, 2009. Plaintiff filed no reply. Plaintiff requests this Court to remand this case to the Circuit Court of Cape Girardeau alleging that the case was improperly removed.

Plaintiff originally filed this cause of action in the Circuit Court of Cape Girardeau County on February 6, 2009, alleging that plaintiff's former employer defendant, Kaman Industrial Technologies Corp. ("Kaman"), and two employees of Kaman, defendants Tom Caputo and Ken Higgins, violated the Missouri Human Rights Act ("MHRA") Mo.Rev.Stat. § 213.010 *et seq.* by discriminating against plaintiff based on his age. Defendant Kaman is a foreign corporation operating in Missouri, defendant Caputo is a resident of Indiana, defendant Higgins and plaintiff are both residents of Missouri.

On March 19, 2009, defendants filed a notice of removal on the grounds that defendant Higgins was not an employer within the meaning of the MHRA and therefore plaintiff's claim against defendant Higgins is barred. Defendants further claim that because defendant Higgins was a Missouri resident he was improperly and fraudulently joined in this action for the sole purpose

of destroying completely diversity and federal diversity jurisdiction. Defendants request that this Court disregard defendant Higgins for the purposes of determining jurisdiction and exercise jurisdiction based on 28 U.S.C. § 1332. Defendants have also filed a motion to dismiss or in the alternative motion for summary judgment on behalf of defendant Higgins (#7) filed March 26, 2009. Plaintiff moved for this Court to stay that motion (#12) until this Court had decided this motion to remand. Because this Court cannot decide this motion to remand without first determining whether defendant Higgins may be held individually liable under MHRA this Court must address at least parts of defendant's motion in this memorandum and order.

This Court must first decide whether defendant Higgins can be held individually liable under the MHRA. If Higgins cannot be held liable this Court must determine whether he should be disregarded for purposes of jurisdiction and dismissed from this action or, if he can be held liable, this Court must determine whether plaintiff is entitled to costs for the removal.

**I. Individual Liability under the MHRA**

Plaintiff's complaint alleges that defendant Caputo was the District Manager for Kaman and defendant Higgins was the Branch Manager or Acting Branch Manager that reported directly to Caputo. Defendants claim that, at all relevant times, defendant Higgins was merely a sales representative, never acted as branch manager nor was the branch manager, and was plaintiff's subordinate with no authority over plaintiff. In plaintiff's complaint he alleges that: " . . . Higgins actively participated in assuming the role of Branch Manager and actively assisted in undermining plaintiff's authority as Branch Manager, even though plaintiff still held the title . . ." Additionally, plaintiff's complaint alleges that defendant Caputo broke the "chain of command by dealing directly with and meeting with branch employees . . . including meeting with defendant Higgins, without plaintiff being present."

2

The MHRA applies to discrimination by employers. The MHRA defines employer as " . . . any person employing six or more persons within the state, and any person directly acting in the interest of an employer." Mo.Rev.Stat. § 213.010(7). Plaintiff makes two arguments for the application of this definition to defendant Higgins. First, plaintiff argues that the person at issue need not be a "supervisor" or "manager" to fall under the definition of an employer. Second, that by actively assisting defendant Caputo in undermining plaintiff's authority as branch manager, defendant Higgins actively participated in "acting" as branch manager.

This Court will begin by addressing plaintiff's claim that there is no case law holding that only a supervisory employee can be considered an employer under the MHRA's definition of "employer." Plaintiffs may be correct that no Missouri State case has explicitly stated that an employee must be a supervisor, however, plaintiff's own memorandum in support of this proposition cites only cases in which Missouri courts have applied the definition to a supervisor. *See* Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238 (Mo. App. E.D. 2006) (finding the company CEO to be an employer where the employee reported directly to that party); *see also* Brady v. Curators of the University of Missouri, 213 S.W.3d 101 (Mo. App. E.D. 2007) (finding the university Vice Chancellor and athletic directors employers where they were the supervisors of the employee coach). After reviewing the case law from Missouri, this Court has previously held that "the courts have held only supervisors or managers individually liable for violations of the MHRA." Henry v. Pemiscot Memorial Health Systems, 2007 WL 1847186, *3 (E.D. Mo. June 25, 2007). The Plaintiffs cited to noauthority extending the definition of employer under MHRA to an employee that was not in a supervisory or managerial role. The case law is clear that defendant Higgins can only be individually liable under the MHRA if he was acting in a supervisory capacity.

3

Plaintiffs second argument is that defendant Higgins was in fact acting as a supervisor at the time of the alleged incidents. The only allegations as to this are that defendant Caputo and defendant Higgins were meeting without the plaintiff and that defendant Higgins "actively participated in assuming the role of Branch Manager and actively assisted in undermining plaintiff's authority . . . ." This Court finds that these actions do not demonstrate the type of activities that would warrant a finding that defendant Higgins was acting in a supervisory position and thus was an employer under the MHRA. The employers in the existing case law all had some actual authority over the employee. They could affect the different aspects of the employees employment such as promotion, salary, or termination. In this case, despite plaintiff's assertion of being undermined, defendant Higgins had no actual authority to take any action against plaintiff. In fact, plaintiff remained in his supervisory position over the plaintiff. To hold an employee who actively seeks to take his supervisor's job suddenly becomes an employer stretches the MHRA's definition of employer far beyond its plain language meaning.

Because defendant Higgins is not an employer as defined by the MHRA he cannot be individually liable under the MHRA for any alleged acts of discrimination against the plaintiff. This court holds that defendant Higgins was fraudulently joined for the purposes of destroying complete diversity and as such, this Court will grant defendant Higgins's motion to dismiss.

**II. Jurisdiction**

Because this Court holds that defendant Higgins is entitled to a dismissal of the MHRA claim against him, there will remain complete diversity in this case. This Court holds that defendant Higgins is not a proper party under the MHRA claim and his joinder was done solely for the purpose of defeating complete diversity. Therefore, this Court dismisses defendant Higgins and retains jurisdiction under 28 U.S.C. § 1332.

4

Accordingly,

**IT IS FURTHER ORDERED** that defendant Higgin's motion to dismiss or in the alternative motion for summary judgment (#7) is **GRANTED**.

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **DENIED** in its entirety.

**IT IS HEREBY ORDERED** that plaintiff's request for attorneys fees and costs is **DENIED**.

Dated this 7th day of July, 2009.

                                                    UNITED STATES DISTRICT JUDGE