UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JAMES TRICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09CV26 SNLJ |
| | ) | |
| KAMAN INDUSTRIAL TECHNOLOGIES | ) | |
| CORP., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This is an employment discrimination case under the Missouri Human Rights Act (MHRA) Sec. 213.010 RSMo *et seq*. This matter is before the Court on plaintiff's motion to compel (#51), filed October 13, 2010, and on issues raised in the parties' briefing regarding electronic discovery (#53, #57, #63). Defendant Kaman Industrial Technologies Corp. ("Kaman") has filed a response (#54) to plaintiff's motion to compel.

## FACTUAL BACKGROUND

Familiarity with the factual background of this case will be presumed, as those details were discussed in the Court's Memorandum and Order granting in part and denying in part plaintiff's first motion to compel (*see* Memorandum and Order entered September 29, 2010, #49).

Now plaintiff seeks an order compelling defendants to produce all communications that relate to plaintiff between Kaman employees Linda Davis, Lindy Roth, Ken Higgins, and Tom Caputo (Doc. Request Nos. 46-49), all communications regarding plaintiff sent or received by Kaman employees Bob Goff or Mike Kelly (Doc. Request Nos. 36 and 39), and documents that show whether any other employees of Kaman were terminated, demoted, or otherwise not

permitted to complete Performance Improvement Plans before the end of the Plan's 90-day period (Doc. Request No. 41).

## DISCUSSION

I. **Electronic Discovery Issues**

Much of plaintiff's motion pertains to Kaman's alleged failure to preserve electronic data adequately in anticipation of this litigation. The Court discussed this matter and relevant legal standards at length in its September 29 Order (#49). In response to that Order, Kaman set forth its electronic discovery procedures in a memorandum to the Court on October 13, 2010 (#53). Rather than preserving a "mirror image" of the e-mail server and other data sets as they existed at the time of plaintiff's filing his complaint (or something similarly designed to capture electronically a complete set of relevant documents), Kaman employees (including the Human Resources Vice President, Robert Goff, and Tom Caputo, who was plaintiff's supervisor and a named defendant in this litigation) manually selected and preserved "all potentially relevant documents including e-mails related to Mr. Trickey's employment that were currently on their computers in the live database or the archive." (#53 at 3.) Kaman maintains that it has adequately preserved relevant documents.

This Court is concerned that Kaman never made a mirror image of its live e-mail server or relevant custodian hard drives. Both of those actions would have been important in this litigation because e-mails are not kept on the live server indefinitely (they are deleted after one year), and because one custodian's laptop was stolen before his hard drive was searched. However, although it is troubling that plaintiff is unable to access any e-mails that may have been missed in an initial manual search for relevant documents, and although Kaman should have copied its e-mail server and relevant hard drives at the time it made its described preservation

efforts, the Court cannot say that Kaman's efforts under the circumstances were sanctionable. Nor has plaintiff provided the Court with any authority under which to sanction the defendants. And, critically, plaintiff has not made spoliation claims against Kaman. Kaman also has made considerable efforts, it appears, to remedy plaintiff's concerns by hiring an independent forensic computer expert to examine its electronic data (including deleted data) for relevant information.

## II.     Discovery Requests

Under Federal Rule of Civil Procedure Rule 26(b)(1), parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevancy is broadly construed, and "a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." *Breon v. Coca-Cola Bottling Co. of New England*, 232 F.R.D. 49, 52 (D. Conn. 2005) (original emphasis). Even if relevant, however, "discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999), quoting *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990).

The document requests at issue between the parties is discussed in turn below.

### A.     Document Request Nos. 36, 39, 46-49

These document requests seek all communications that relate to plaintiff sent or received by Kaman employees Bob Goff, Mike Kelley, Linda Davis, Lindy Roth, Ken Higgins, or Tom Caputo. Plaintiff argues that because Kaman asserts that employees complained about his performance, and that those complaints contributed to his being put on an Improvement Plan,

3

plaintiff is entitled to see communications pertaining to him.  The defendant does not disagree that plaintiff is entitled to those documents.  The crux of the parties' disagreement is that, plaintiff says, Kaman has not searched for "routine" e-mail communications because such routine communications no longer exist.  Plaintiff contends that Kaman should have preserved all of its e-mails and that it "has an obligation to search data within other electronic data storage devices or archives." (#52 at 5.)

Kaman has assured the Court and plaintiff that it has searched its existing data and paper files for documents responsive to this request and that it has hired a forensic IT consultant to search any retrievable deleted files.  As discussed in the Court's analysis of the electronic discovery issues above, unless plaintiff can identify now-existing databases that have not been searched, there is nothing further for the Court to order.

### B. Document Request No. 41

This requests seeks documents that show whether any other employees of Kaman were terminated, demoted, or otherwise not permitted to complete Performance Improvement Plans before the end of the Plan's 90-day period.  Plaintiff argues that information is critical because whether or not Kaman provided other employees the full 90-day period to complete their "PIPs" is relevant to the issue of pretext.  Kaman objects because the request is unduly burdensome and not likely to lead to admissible evidence.  Unlike plaintiff's document request that sought personnel files for the 21 Kaman employees who had been suspended (discussed in this Court's September 29 Order, #49, at 5-6), Kaman states it cannot readily identify the individuals who were placed on a PIP who were then terminated or demoted.  However, Kaman represents that to the extent any of the 21 suspended employees (for whom Kaman has been ordered to produce documents) was put on a PIP, information relating to the PIP and its completion will be produced

4

along with documents related to the suspension. Plaintiff has not filed a reply objecting to Kaman's proposal or suggesting that identifying the employees who have been placed on PIPs is not overly burdensome. Thus, plaintiff's request will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel (#51) is **DENIED.**

Dated this   6th   day of December, 2010.

                                                                                                           
UNITED STATES DISTRICT JUDGE