UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES TRICKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:09-CV-00026-SNLJ |
| | ) |
| KAMAN INDUSTRIAL | ) |
| TECHNOLOGIES CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's March 15, 2011 motion to reconsider (#76) the Court's July 7, 2009 order dismissing Ken Higgins ("Higgins") as a defendant in this case (#14). The defense filed a response (#86) on April 15, 2011, and plaintiff did not reply. Plaintiff requests that the Court reinstate Higgins as a defendant in light of circumstances which may have changed since the Court's July 7, 2009 order. Should the Court proceed to reinstate Higgins as a defendant in this case, complete diversity may be defeated and the case necessarily remanded to state court.

**I. Prior Order Dismissing Defendant Higgins**

Plaintiff originally filed this cause of action in the Circuit Court of Cape Girardeau County on February 6, 2009, alleging that plaintiff's former employer, defendant Kaman Industrial Technologies Corp. ("Kaman") and two employees of Kaman, defendants Tom Caputo and Ken Higgins, violated the Missouri Human Rights Act ("MHRA") by discriminating against plaintiff based on his age. Defendant Kaman is a Connecticut corporation with its principal place

1

of business in Connecticut, defendant Caputo is a resident of Indiana, and both defendant Higgins and plaintiff are residents of Missouri.

Defendants filed a Notice of Removal (#1) on March 19, 2009, claiming that because defendant Higgins was not an "employer" within the meaning of the MHRA, he could not be a defendant in the suit. Defendants further claimed that because defendant Higgins was a Missouri resident, he had been fraudulently and improperly joined for the sole purpose of defeating diversity jurisdiction based on 28 U.S.C. § 1332. Defendants filed an accompanying motion to dismiss, or in the alternative, for summary judgment (#7) on behalf of defendant Higgins on March 26. On April 8, plaintiff filed a motion to remand (#9) on grounds that defendant Higgins could be held liable as an employer under the MHRA and consequently was a proper defendant.

On July 7, 2009, this Court held that plaintiff made no allegations in his complaint that could lead a reasonable factfinder to conclude that defendant Higgins acted in a supervisory capacity in regard to plaintiff's employment. Further, plaintiff cited no authority to suggest that defendant Higgins could be held be individually liable under the MHRA even if he had not acted in a supervisory or managerial role. Therefore, this Court granted defendant Higgins' motion to dismiss because he could not be held individually liable under the MHRA for any alleged acts of discrimination against plaintiff. Finally, the Court ruled that, having dismissed defendant Higgins, it would retain jurisdiction of the case under 28 U.S.C. § 1332.

## II. Legal Standards

### A. Motion For Reconsideration

Motions for reconsideration are not explicitly mentioned in the Federal Rules of Civil Procedure. *Brown v. First Health Group Corp.*, No. 4:07-CV-1852, 2009 WL 1940373, at *1

(E.D. Mo. July 7, 2009). According to the Eighth Circuit, a "motion for reconsideration" is typically construed either as a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment. *Auto Services Co. v. KPMG, L.L.P.*, 537 F.3d 853, 855 (8th Cir. 2008). Both Rule 59(e) and Rule 60(b) require that any judgment or order being reconsidered be a final judgment or order. Fed. R. Civ. P. 59(e), 60(b); *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco and Specialty Co.*, No. 3:09-CV-5078, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010). However, both rules prescribe a similar standard in that a district court has wide discretion in deciding whether to grant a Rule 59(e) or 60(b) motion, so long as manifest errors of law or fact, or exceptional circumstances (such as newly discovered evidence that was not available at the time the order was given) exist. *See Arnold v. ADT Sec. Servs.*, 627 F.3d 716, 721 (8th Cir. 2010) (discussing Rule 60(b)); *see also Disc. Tobacco*, 2010 WL 3522476, at *1 (discussing Rules 59(e), 60(b)).

The question of whether a district court has greater discretion in the reconsideration of an interlocutory order is less clear. *See id.*, at *2; *see also Greater St. Louis Const. Laborers Welfare Fund v. AGR Const. Co.*, No. 4:09-CV-907, 2010 WL 4319349, at *1 (E.D. Mo. Oct. 22, 2010.) An interlocutory order "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration may be granted if the earlier decision (1) misunderstood a party, (2) made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a "controlling or significant change in law" since the issues were submitted to the Court. *Westinghouse Electric Co. v. United States*, No. 4:03-CV-861, 2009 WL 881605, at *4 (E.D. Mo. Mar. 30, 2009). Moreover, when evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial

economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders. *Disc. Tobacco*, 2010 WL 3522476, at *2.

**B. Motion for Leave to Amend Pleadings**

Defendants contend that plaintiff's motion to reconsider is more appropriately treated as a motion for leave to amend the pleadings, as it effectively seeks to re-add defendant Higgins as a party to this case. *See Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 855 (S.D. Iowa 2008)[1]. When a party seeks to add a claim or party, the Court should evaluate the motion according to the standards for amending pleadings in Rule 15(a) of the Federal Rules of Civil Procedure, regardless of what the motion is titled on its face. *See id.*; *see generally Olds v. Purkett*, 4:05-CV-348, 2007 WL 2711008, at *1 (E.D. Mo. Sept. 13, 2007) (suggesting that a motion seeking to add additional claims may be construed as such, even if the motion does not clearly request leave to amend pleadings or is titled differently).

Under normal circumstances, "[t]he court should freely give leave [for a party to amend its pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, Rule 16(b) provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order "shall not be modified except upon a showing of good cause." *Schenk v. Chavis*, 259 F. App'x 905, 907 (8th Cir. 2008); *Howard v. Whiteside*, No. 4:10-CV-13, 2010 WL 5287468, at *2 (E.D. Mo. Dec. 17, 2010). The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. *Sherman v. Winco Fireworks, Inc.*, 532

---

[1] In *Jones*, a plaintiff attached an amended complaint, which contained additional factual detail, to his motion to reconsider. The court denied the motion to reconsider, but (in the interest of judicial economy) proceeded to address the matter of the amended complaint subject to the provisions in Rule 15(a)(2). *Jones*, 551 F. Supp. 2d at 855.

F.3d 709, 716 (8th Cir. 2008); *Morrison Enters. v. Dravo Corp.*, No. 10-1468, 2011 WL 1237526, at *13 (8th Cir. Apr. 5, 2011).

Finally, post-dismissal motions to amend are disfavored. *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1208 (8th Cir. 2010). Much of the value of a dismissal would be dissipated if a party was free to rely on one theory in an attempt to defeat the dismissal, and should that theory prove unsound, come back and fight on the basis of some other theory. *Littlefield v. City of Afton*, 785 F.2d 596, 610 (8th Cir. 1986).

**C. Motion to Dismiss for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6))**

This Court originally dismissed plaintiff's claim against defendant Higgins pursuant to the provisions contained within Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950). With these principles in mind, the Court turns to the discussion.

## III. Discussion

Plaintiff urges this Court to reconsider its July 7, 2009 order because he says additional evidence, obtained in the discovery process, supports the allegations in plaintiff's original complaint that defendant Higgins acted in a supervisory capacity. Further, plaintiff asserts that the application of the new evidence to the issue of whether defendant Higgins is an employer under the MHRA is a novel question of Missouri law, best addressed by the state courts.

Conversely, defendants argue that when the Court decides whether plaintiff has stated a

claim upon which relief can be granted (as it did in the original dismissal), the Court looks only at the allegations in the pleadings, not at additional evidence to be presented later in the case. Defendants also maintain that there have been no recent changes in the law that would merit reconsideration of the previous order. Finally, defendants claim that plaintiff's motion to reconsider is best construed as an untimely motion for leave to amend plaintiff's pleadings.

    **A. Reconsideration**

This Court is well within its authority to reconsider any of its interlocutory rulings before entering final judgment in this case. *See Jones*, 551 F. Supp. 2d at 854. However, plaintiff has not given this Court any persuasive reason to do so. In granting the original dismissal, this Court was required to view the allegations of the *complaint* in the light most favorable to plaintiff, and determine if the *complaint* adequately stated a claim, so that plaintiff would be entitled to present evidence in support of that claim. *See Twombly*, 550 U.S. at 555-56 (emphasis added).

Whether new evidence is available to support the allegations within plaintiff's original complaint is immaterial. This Court found that plaintiff's original complaint stated no claim against defendant Higgins upon which relief could be granted, regardless of how much supplemental evidence could possibly be provided. Plaintiff has filed *no* amended complaint in this case. *Cf. Rippee v. WCA Waste Corp.*, No. 9-3402-CV-S, 2010 WL 816625, at *1-*3 (W.D. Mo. Mar. 4, 2010). Plaintiff cites *Rippee* to support his proposition that "[t]he MHRA imposes liability on an individual when that individual is involved in discriminatory conduct." *See Rippee*, 2010 WL 816625 at *3. In that case, a defendant filed a motion to dismiss on grounds that the plaintiff's original complaint failed to state a claim upon which relief could be granted. *Id*. at *1. The plaintiff filed an amended complaint, on which the court ruled: "[a]lthough

plaintiff's original complaint failed to set forth allegations against [defendant] individually, his *amended complaint* does make the necessary allegation of individual and personal involvement by [defendant] … These allegations in plaintiff's *amended complaint* are sufficient to allow him to proceed on his MHRA claim against [defendant]." *Id.* at *3 (emphasis added). *Rippee* differs from this case because plaintiff has filed *no* amended complaint here.

Furthermore, plaintiff has declined to argue that this Court misunderstood any party or made any decision outside of the adversarial issues in its July 7, 2009 dismissal. *See Westinghouse*, 2009 WL 881605, at *4. Finally, plaintiff has failed to show that there has been a "controlling or significant change in [relevant] law" since this Court's dismissal. *See id.* Thus, this Court declines to reconsider its July 7, 2009 dismissal of defendant Higgins because there is no need to reevaluate plaintiff's original complaint. The Court would reach the same result.

### B. Amended Complaint

Should plaintiff now proceed to file a motion for leave to amend its initial complaint, this Court would assess the matter pursuant to Fed. R. Civ. P. 15(a)(2). The likelihood of this event is significant enough that this Court now exercises its discretion to convert plaintiff's motion for reconsideration to a motion for leave to amend. *See Jones*, 551 F. Supp. 2d at 855. In *Jones*, the court converted a motion for reconsideration to a motion for leave to amend where the defendant had "made its objections to the proffered amendment clear, and the Court [could] see no benefit to either party by permitting the matter to go unresolved, simply so that the parties [could] rebrief the entire issue." The same circumstances exist here, but, notably, plaintiff chose not to reply to defendant's objections.

When faced with an amended pleading naming a new nondiverse defendant in a removed case, the Court should scrutinize that amendment more closely than an ordinary amendment. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (internal citations omitted). The Court is required to consider (1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, and (3) whether the plaintiff will be significantly injured if amendment is not allowed. *Id*. (citing *Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1990)). Additionally, the Court may consider any other factors bearing on the equities. *Johnson v. Texas Roadhouse Holdings, LLC*, No. 4:10-CV-36, 2010 WL 2978085, at *2 (E.D. Mo. July 23, 2010).

In this case, plaintiff has admitted that re-adding defendant Higgins as a party to this case would defeat federal diversity jurisdiction, and plaintiff has urged this Court to remand the case to state court.[2] Evaluating the totality of the circumstances, this Court finds that plaintiff's motives in re-adding defendant Higgins as a defendant are significantly targeted at the goal of defeating federal jurisdiction.

Secondly, all motions for joinder of additional parties or amendment of pleadings were to be filed no later than November 6, 2009, approximately four months after defendant Higgins' dismissal (#19). Because that deadline passed long ago, additional parties may be joined and pleadings may be amended only with a showing of good cause and the consent of this Court. Fed.

---

[2] Plaintiff's memorandum in support of his motion for reconsideration (#77) concludes: "For the foregoing reasons, Plaintiff respectfully requests this Court to reconsider its order dismissing Higgins as a defendant and/or *to remand this case to state court for resolution*" (emphasis added). Further, Plaintiff's memorandum focuses on two arguments: (1) the additional evidence discovered merits reconsideration of the July 7, 2009 order in light of these new facts and (2) the question of individual liability for an employee not officially titled a supervisor is a novel question under the MHRA that is best handled resolved by the state courts. The inclusion of this second argument lends great support to the premise that plaintiff's goal is to have the case remanded to state court.

R. Civ. P. 16(b)(4). Plaintiff argues that "considerable evidence" discovered after defendant Higgins' dismissal shows he may be individually liable as an employer under the MHRA. However, this evidence fails to satisfy any conceivable test for good cause to file an amended complaint more than eighteen months after the deadline set by the Court, and more than seven months after the last of the relevant additional evidence came into plaintiff's possession.[3]

The question of whether the evidence purported by plaintiff *could* support an amended complaint capable of surviving a Rule 12(b)(6) dismissal need not be reached by this Court. The critical elements of the evidence plaintiff relies upon were in his hands many months before March 15, 2011, the date he filed his motion to reconsider. Plaintiff offers no other legal, or substantial factual, argument in support of amendment that would mitigate his dilatoriness. *See St. Louis Trade Diverters, Inc. v. Constitution State Ins. Co.*, 738 F. Supp. 1269, 1271 (E.D. Mo. 1990) (plaintiffs not dilatory in seeking amendment to add non-diverse defendants whose proposed amended complaint was filed within a few days after plaintiff obtained new counsel and amendment sought to add defendants that were previously dismissed for "inartful pleading").

Finally, the Court is not persuaded that plaintiff will be substantially injured if he is enjoined from amending his pleadings. Where a plaintiff seeks to add a joint tortfeasor to a complaint, the plaintiff will not be significantly harmed if amendment is not allowed. *Bailey*, 563 F.3d at 309. Further, plaintiff specifically alleges that defendant Higgins was acting in the scope of his employment, removing any concern that defendant Kaman might not be held liable for his alleged MHRA violations. *See id.*; *see also Johnson*, 2010 WL 2978085, at *3. Conversely,

---

[3] Plaintiff derives a handful of facts from discovery occurring *after* the September 30, 2010 deposition of Robert Goff. However, none of these later facts convincingly illustrate that defendant Higgins had any *actual* authority to take actionable measures against plaintiff (*i.e.* those prohibited by the MHRA) so as to persuade this Court to disregard the subsequent untimeliness of amendments to plaintiff's pleadings.

should Higgins be reinstated, the resulting expense and delay would be unduly prejudicial to defendants.

For the foregoing reasons, this Court will not consider granting plaintiff leave to file an amended complaint or any supplemental pleadings to similar effect.

**C. Other Issues**

This Court need not reach the issue of whether the entirety of the additional facts discovered by Plaintiff after July 7, 2009 are capable of supporting plaintiff's claim that defendant Higgins could be held individually liable under the MHRA.

Plaintiff cites two Eighth Circuit cases in support of the proposition of remanding this case to state court, because it concerns a "novel or complex issue of state law." *See Clark v. Matthews Int'l Corp*, 628 F.3d 462, 472 (8th Cir. 2010); *see also EEOC v. Con-Way Freight, Inc.*, 622 F.3d 933, 938 (8th Cir. 2010). However, the Eighth Circuit revisited its disposition in *Clark* three weeks ago upon discovering that diversity-of-citizenship jurisdiction existed. ___ F.3d ___, No. 10-1037, 2011 WL 1631717, at *5 (8th Cir. May 2, 2011). "In that opinion, we declined, pursuant to 28 U.S.C. § 1367(c)(1), to exercise supplemental jurisdiction over Clark's MHRA claim because it raises a novel or complex issue of state law." *Id*. (internal citations omitted). "However, the Supreme Court has indicated that, as a general rule, the novelty or complexity of a state-law issue is not an appropriate basis upon which to remand a case when diversity-of-citizenship jurisdiction exists." *Id*. (citing *McNeese v. Bd. of Educ.*, 373 U.S. 668, 673 n.5 (1963)).

Plaintiff's reliance on *EEOC v. Con-Way Freight, Inc*. is similarly misplaced because the defendants in that case alleged Title VII and ADEA claims in addition to MHRA claims. *See*

*Con-Way Freight*, 622 F.3d at 934. The Eighth Circuit affirmed summary judgment in favor of the defendants on the federal question claims but declined to affirm summary judgment on the MHRA claims. *See id.* at 937-38. Because the federal courts' jurisdiction over the MHRA claims was based on supplemental jurisdiction alone, and diversity-of-citizenship jurisdiction was *not* present, the Eighth Circuit exercised its discretion to remand them without prejudice so that the Missouri courts might resolve the "novel and complex issues of state law." *See id*.

As this Court declines to reconsider its July 7, 2009 dismissal or grant plaintiff leave to file an amended complaint so as to reinstate defendant Higgins, it retains jurisdiction under 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider (#76) this Court's July 7, 2009 order dismissing Ken Higgins as a defendant is **DENIED**.

Dated this 26th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE