UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES TRICKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:09CV26 SNLJ |
| ) | |
| KAMAN INDUSTRIAL TECHNOLOGIES ) | |
| CORP., et al. ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

A jury found in favor of plaintiff after a five-day trial in this employment discrimination case under the Missouri Human Rights Act, Section 213.010 RSMo *et seq*. ("MHRA"). Plaintiff filed its Motion for Award of Attorneys' Fees on September 14, 2011 (#161). Defendant Kaman Industrial Technologies Corp. ("Kaman") did not respond, and the time for doing so has passed. Plaintiff filed its Bill of Costs on September 20, 2011 (#164), and Kaman has filed a response in opposition.

**I.    Motion for Attorneys' Fees**

The MHRA provides that the Court "may award court costs and reasonable attorney fees to the prevailing party." § 213.111.2 RSMo.

> If a court determines a plaintiff has prevailed it should award attorney's fees "unless special circumstances would render such an award unjust." This exception is "extremely narrow" and applied "only in unusual circumstances and then only upon a strong showing by the party asserting it." A showing of "outrageous" or "inexcusable conduct by plaintiffs (or plaintiffs' counsel) during the litigation of the case" has been held sufficient to warrant a finding of "special circumstances."

*Brady v. Curators of Univ. of Missouri*, 213 S.W.3d 101, 115 (Mo. Ct. App. 2006) (quoting *Lippman v. Bridgecrest Estates I Unit Owners Assoc., Inc.*, 4 S.W.3d 596, 598 (Mo. Ct. App. 1999). "The determination of reasonable attorneys' fees is in the sound discretion of the trial court and shall not be reversed unless the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration." *Id.* at 114.

Here, there is no question that the plaintiff is the prevailing party. Moreover, defendant Kaman has not filed a memorandum in opposition to an award of attorneys' fees — let alone made the "strong showing" in opposition to an award of attorneys' fees that Missouri law would require.

Plaintiff's attorneys, paralegal, and law clerk, their hours worked, and hourly rates, are as follows:

> Attorney Jerome J. Dobson, 419.75 hours, $450 per hour
>
> Attorney Jonathan C. Berns, 1 hour, $350 per hour
>
> Attorney Gregory A. Rich, 2.75 hours, $325 per hour
>
> Attorney Lauren N. Wojtowicz, 620.85 hours, $275 per hour
>
> Paralegal Jerry Rappold, 88.7 hours, $100 per hour
>
> Law clerk Lauren Gearhart, 60 hours, $60 per hour

Total attorneys' fees claimed by plaintiff's counsel are $371,586. Plaintiff's attorneys submit that two recent fee awards St. Louis County employment discrimination cases support such a figure. In addition, plaintiff's attorneys filed affidavits from other attorneys in their field supporting their hourly rates, and the Court is well aware that counsel provided excellent representation for their clients. However, the Court is compelled to adjust counsel's fees to reflect those more in keeping with the prevailing rates in Cape Girardeau, Missouri, which is where this matter is tried and where the plaintiff himself lives and worked. Thus, the Court applied hourly rates of $250 for partners,

$150 for associates, and $60 for non-attorneys. The Court also subtracted 24 hours of travel time that was incurred by counsel's traveling to and from Cape Girardeau from St. Louis. Using those adjusted hours and rates, the attorneys' fee total award is $201,375.50.

## II. Bill of Costs

Plaintiff seeks costs totaling $16,184.35. Those costs include fees of the Clerk of the Court, service of summons and subpoena, court reporters, witnesses, copies, and "other," which include electronic equipment and exhibits, mediation fees, postage/fax/delivery charges, and travel/accommodations/meals/parking expenses.

Defendant Kaman objects to several categories of costs requested by plaintiff. Pursuant to 28 U.S.C. § 1920,

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Kaman argues that § 1920 imposes "rigid controls on cost-shifting" and "absent explicit statutory authority or contractual authorization for the taxation fo the expenses of a litigant's witnesses as costs, federal courts are bound by the limitations set out in . . . § 1920." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987)). Therefore, Kaman insists that only those costs listed in § 1920 are recoverable by plaintiff.

First, plaintiff seeks $286.90 for service of summons and subpoenas on witnesses, but § 1920 is explicit that only expenses of the clerk and U.S. marshals are included.

Second, plaintiff may only recover costs for printing, copying, and exemplifications that were used in presenting evidence to the court. Of plaintiff's claimed expenses for photocopying, taxable expenses under § 1920 are $159.25 in charges for copying plaintiff's trial exhibits, $6.80 for copying exhibits, and $64.90 for tape transcription.

Third, plaintiff is only entitled to recover costs for deposition transcripts and court reporters where the deposition was reasonably necessary for use at trial. *Hollenbeck v. Falstaff Brewing Corp.*, 605 F. Supp. 421, 439 (E.D. Mo. 1985). Claimed deposition costs are summarized as follows: Witnesses who testified at trial and their deposition costs are James Trickey ($818.00); Tina Trickey ($229.45); Caputo ($2162.90); Higgins ($931.19); Davis ($371.70); and Goff ($669.50). Witnesses who did not testify at trial and their deposition costs are Malhiwsky ($228.50); Schmidt ($483.10); and Kelly ($308.75). "The taxability depends on whether the deposition, when taken, was reasonably necessary for use in trial." *Id.* Kaman argues that, at a minimum, depositions of plaintiff and his wife were not reasonably necessary for use in trial. The Court agrees and will award only deposition costs for the remaining witnesses.

Fourth, Kaman does not object to plaintiff's claim for witness fee expenses totaling $287.99, and those expenses shall be allowed as provided for by § 1920.

Finally, plaintiff admits that his $8,213.36 request "other" expenses (electronic equipment and exhibits, mediation fees, postage/fax/delivery charges, and travel/accommodations/meals/parking expenses) are generally not recoverable, but he encourages this Court to exercise its discretion to award additional costs under § 213.111.2 RSMo, citing

*Williams v. Trans State Airlines, Inc.*, 281 S.W.3d 854 (Mo. Ct. App. 2009). Plaintiff also states that the *Williams* court stated that the MHRA "may allow the court 'to follow the federal approach of awarding costs outside the parameters of Section 514.060 [the Missouri statute equivalent to Rule 54(d)]." *Id.* The Court disagrees with plaintiff's interpretation. First, the *Williams* court rejected the plaintiff's argument and did not disturb the trial court's award of costs for expenses beyond the statutory "standard costs." Second, the "federal approach" hardly encompasses the award of costs sought by plaintiff.[1] Mediation costs, for example, have been specifically rejected by the Eighth Circuit. *Brisco-Wade*, 297 F.3d at 782. None of these "other" expenses will be allowed.

The Court will award expenses totaling $5,674.58.

Accordingly,

---

[1] The *Williams* court stated that plaintiff "argues this Court should adopt the federal court approach to recoverable expenses and allow a prevailing plaintiff under the MHRA to recover most litigation related out-of-pocket expenses actually incurred by the attorney." 281 S.W.3d at 880. This Court finds that argument confusing because, as already discussed, federal law does not permit recovery of "most litigation related out-of-pocket expenses actually incurred by the attorney." *See* 29 U.S.C. § 1920; *Brisco-Wade*, 297 F.3d at 782 (citing *Crawford Fitting Co.*, 482 U.S. at 444-45).

**IT IS HEREBY ORDERED** that plaintiff's Motion for Award of Attorneys' Fees, filed September 14, 2011 (#161), is **DENIED in part** and **GRANTED in part**. Pursuant to § 213.111.2 RSMo, defendant Kaman shall pay plaintiff's attorneys' fees totaling $201,375.50.

**IT IS FURTHER ORDERED** that plaintiff's Bill of Costs, filed September 20, 2011 (#164), is **DENIED in part** and **GRANTED in part**. Costs are taxed to defendant Kaman in the amount of $5,674.58.

Dated this   23rd   day of November, 2011.

UNITED STATES DISTRICT JUDGE